**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Lisa K. KAISER, Respondent.**

**No. 91–SC–272–KB.**

Supreme Court of Kentucky.

Aug. 29, 1991.

Barbara S. Rea, Asst. Bar Counsel, Kentucky Bar Ass'n, Frankfort, for complainant.

Frank Trusty, II, Osborne, Hillmann & Trusty, Ft. Mitchell, for respondent.

STEPHENS, Chief Justice.

By Order entered May 31, 1991, our Court notified the Kentucky Bar Association and respondent, Lisa K. Kaiser, that we would review the decision of the Board of Governors in this matter. We gave each party leave to file a Brief pursuant to SCR 3.370(8). Counsel for the Kentucky Bar Association has filed a Brief. Counsel for respondent tendered a Brief 19 days after the time for filing had expired.

We adopt the findings of fact of the Board of Governors but do not agree with the recommended punishment of a two-year suspension on all charges. Rather, in view of the seriousness of the misconduct, particularly her brazenly dishonest representations to the courts of Ohio, such misconduct warrants a suspension from the practice of law for a period of three years.

Respondent, Lisa K. Kaiser, was admitted to practice in Kentucky on May 1, 1984. By 1990, the Kentucky Bar Association had opened three files (Nos. 1733, 1777, and 1932) against respondent and the Inquiry Tribunal had filed formal charges. All of

the cases relate to respondent's representation of clients in the State of Ohio when she was not admitted to practice in Ohio and had not obtained leave of court to proceed *pro hac vice.*

According to the Report and Recommendation of the Board of Governors, the following Findings of Fact were made:

KBA File No. 1777 related to respondent's representation of George Vanover, who was charged with a "felony offense of gross sexual imposition upon a twelve year old boy." Respondent filed and argued motions, conducted an investigation, interviewed witnesses, advised Vanover of his legal rights and represented him at trial. Vanover was found guilty and sentenced to eighteen months. He asked respondent to appeal his conviction, but she failed to do so in a timely manner. She then filed a "Motion for Leave to Appeal," which admitted the failure to timely file the original appeal. This pleading contained a number, "K–377," which appears to be a bar number or attorney number of the type used by attorneys licensed in certain Ohio courts, and she listed an Ohio address.

The Inquiry Tribunal charged her in three counts with: (1) failing to obtain permission on the record from the Ohio court to practice the case *pro hac vice*, when she was not licensed in that state, in violation of DR 3–101; (2) failing to timely file a notice of appeal in violation of DR 6–101(A)(2) and (3); and (3) using an Ohio address and a purported attorney registration number which was intended to mislead and did mislead the Court of Appeals into believing respondent was licensed to practice law in Ohio when in fact she was not, in violation of DR 1–102(A)(4), (5) and (6).

Since Ms. Kaiser failed to file an Answer to these charges, it was handled as a default. The Board of Governors found her guilty on all counts.

KBA File No. 1733 and 1932 were consolidated for a single disciplinary hearing.

KBA File No. 1733 related to respondent's representation of James Hatfield, charged with a series of felonies allegedly committed while he was a juvenile.

During the course of this representation, respondent was asked by the trial judge whether she was admitted to practice in Ohio. She falsely answered that she was so admitted. On five separate occasions she was asked about this. The trial judge advised her that she was not listed as a licensed attorney with the Supreme Court of Ohio. Respondent knowingly and falsely represented to the judge that her certificate was in her birth name of "Lovingood" and due to a recent marriage she was not yet listed under the name "Kaiser." In fact, "Lovingood" is not the birth name of Lisa K. Kaiser, rather it is the surname of an Ohio attorney she knew in law school.

Respondent continually misrepresented her status to the judge. After having questioned respondent and conducting his own investigation, the judge discovered the truth. He held respondent in contempt and sentenced her to ten days in jail. She was jailed for five days when the judge probated the remaining five days.

As the trial in the Hatfield case had already begun, the judge declared a mistrial.

Ms. Kaiser was charged by the Inquiry Tribunal with five counts for (1) knowingly making an affirmative misrepresentation to the court that she was licensed to practice law in Ohio in violation of DR 1–102(A)(1), (4) and (6) and that her conduct violated DR 3–101(B); (2) affirmatively, knowingly and falsely representing her registration was in another name in violation of DR 1–102(A)(1), (4) and (6) and DR 3–101(B); (3) falsely representing that the records of the Ohio Supreme Court were inaccurate and she was awaiting certification in her married name in violation of DR 1–102(A)(1), (4) and (6) and DR 3–101(B); (4) for false assertions to the court in violation of DR 1–102(A)(1), (4) and (6) and DR 3–101(B); (5) a course of conduct that was prejudicial to the administration of justice in violation of DR 1–102(A)(5) and such conduct brought the bench and bar into disrepute which is subject to sanctions pursuant to SCR 3.130(1).

Respondent filed a Response to the charges and admitted the factual allega-

tions set forth in Counts I through IV through a stipulation, but stated there was a reasonable explanation for her behavior, namely, that she had failed to maintain a "professional distance" in her zeal to represent Hatfield.

The Board of Governors found respondent guilty on all five counts.

KBA File No. 1932 relates to respondent's representation of Madeline Halm in in a divorce case. Ms. Kaiser signed pleadings with an attorney designation when she was neither licensed to practice in Ohio nor had she obtained leave to practice the case *pro hac vice.*

Kathy King, an Ohio attorney and a referee in the Domestic Relations Court, stated in a deposition that respondent had made a representation to her that she was licensed to practice in Ohio. Opposing counsel in the Halm case testified in his deposition that he was not aware that respondent was not licensed to practice in Ohio during the time the litigation was ongoing.

Respondent admitted she represented Ms. Halm, but denied it was without the permission of the court.

As a result of her representation in this matter, a one count charge was filed against respondent for violating DR 3–101(B) and DR 1–102(A)(1) and (6).

Respondent testified at the hearing before the Trial Commissioner in the Halm and Hatfield cases. She stated she was "caught off-guard by the judge hearing the Hatfield case, and she lied because it was late in the proceedings and ready to go to trial. She indicated on cross-examination that she used an Ohio address on her pleadings in the Halm and Hatfield cases and that she rented space from an attorney in Cincinnati and listed his phone number under her name in the Yellow Pages.

The Board of Governors found her guilty in each case, on all counts.

Respondent has engaged in unprofessional and unethical conduct which tends to bring the bench and bar into disrepute. For the reasons given in this Opinion,

IT IS HEREBY ORDERED that respondent, Lisa K. Kaiser, is suspended from the practice of law for a period of three (3) years. She is ordered to notify all courts in which she has matters pending and all clients for whom she is actively involved of her inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the effective date of suspension, SCR 3.390.

Respondent is hereby ordered to pay the costs of this proceeding pursuant to SCR 3.450.

All concur.