L. Gregory YOPP, Movant,

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2002–SC–0272–KB.

Supreme Court of Kentucky.

June 17, 2004.

Peter L. Ostermiller, Louisville, Counsel for Movant.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Dana Cox Nickles, Kentucky Bar Association, Deputy Bar Counsel, Frankfort, Counsel for Appellee.

## OPINION AND ORDER

This matter having come before the Court upon the Movant L. Gregory Yopp's ("Yopp") Verified Motion for Consensual Discipline and Motion for Withdrawal of Application for Reinstatement ("Motions"); the Court having reviewed the record and being otherwise sufficiently advised, hereby grants Yopp's Motions.

Both Yopp, whose last known address is 3024 Meadowville Circle, Louisville, Kentucky 40220, and the Kentucky Bar Association recommend that he be suspended from the practice of law in the Commonwealth of Kentucky for a period of one (1) year for the following violations: (1) his failure to exercise reasonable diligence and promptness in representing a client as required by SCR 3.130–1.3, (2) his failure to keep the client informed about legal matters and to promptly comply with the client's reasonable request for information as required by SCR 3.130–1.4(a), (3) his failure to return funds that belonged to the client pursuant to SCR 3.130–1.15(b), and (4) his failure to correct the client's erroneous belief that a lawsuit had been filed and that he was in a position to provide legal services in violation of SCR 3.130–8.3(c).

In October of 1999, Frank Crenshaw ("Crenshaw") retained Yopp to pursue collection on debts owed to his business Crenshaw & Sons. An alleged debtor that we will refer to as "Rosemount" was the first debtor Yopp was to pursue. Yopp exchanged correspondence with Rosemount's attorney, prepared a draft of a complaint, and obtained the filing fee from Crenshaw; however, Yopp failed to file the complaint or return the filing fee to his client. Yopp did not pursue collection against Rosemount.

In October of 2001, Crenshaw requested that Yopp pursue collection from another alleged debtor that we will refer to as "Faith and Brown." At that time Yopp was suspended from practicing law in the Commonwealth of Kentucky and was awaiting the resolution of a second disciplinary proceeding. Nonetheless, Yopp indicated that he was or would be in a position to provide legal assistance and did not inform Crenshaw that he was suspended from the practice of law. Yopp did not pursue collection against Faith and Brown.

Yopp led Crenshaw to believe that at least one lawsuit had been filed as he alluded to scheduled court appearances. Crenshaw made numerous attempts, without success, to contact Yopp to obtain an update on the matters, and Crenshaw's wife even sent a certified letter to Yopp requesting any information on the status of the collection efforts. Yet, Yopp never responded to the Crenshaw's inquiries.

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Yopp is suspended from the practice of law in the Commonwealth of Kentucky for a period of one (1) year. The period of suspension shall commence on the date of entry of this Order.

(2) In accordance with SCR 3.450, Yopp is ordered to pay all costs associated with these disciplinary proceedings, including the amount of $53.46 assessed against him, and for which execution may issue from this Court upon finality of this Opinion and Order.

(3) Pursuant to SCR 3.390, Yopp shall, within ten (10) days from the entry of this

Opinion and Order, notify in writing all courts in which he may have matters pending and all clients, of his inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

(4) Yopp is ordered to return the filing fee to Crenshaw within thirty (30) days of the date of the entry of this order.

(5) Yopp's Application for Reinstatement is hereby withdrawn without prejudice.

All concur.

Entered: June 17, 2004.

/s/ Joseph E. Lambert
CHIEF JUSTICE