**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Mark Blair GELLER, Respondent.**

**No. 2004–SC–0379–KB.**

Supreme Court of Kentucky.

Aug. 26, 2004.

**OPINION AND ORDER**

Mark B. Geller, KBA No. 85673, of Louisville, Kentucky, was charged by the Inquiry Commission with the following six disciplinary violations:

1) SCR 3.130–1.3, failure to act with diligence and promptness when representing a client; 2) SCR 3.130–1.4(a), failure to keep a client informed of the status of a matter and to respond to reasonable requests for information; 3) SCR 3.130–1.15(b), failure to refund fees to a client; 4) SCR 3.130–1.16(d), failure to take reasonable steps to protect the client's interest after termination of the representation; 5) SCR 3.130–8.3(c), engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and 6) SCR 3.130–8.1(b), failure to knowingly respond to a lawful demand for information from the disciplinary authority.

On March 21, 2002, Dauton Kuhn, Jr. hired Geller to represent him in a personal bankruptcy proceeding. He paid Geller a $1,600.00 retainer fee and received a receipt indicating that he had paid in full for the legal services. Geller never filed a bankruptcy claim for Kuhn, nor have any pleadings been filed on his behalf with the bankruptcy court. Geller has retained the $1,600.00 fee paid to him by Kuhn, who made several unsuccessful attempts to contact Geller, and subsequently filed a bar complaint against him on June 6, 2003.

Geller was served with a copy of the complaint on July 16, 2003, but failed to respond, even after receiving a warning letter on August 16, 2003. After investigating Kuhn's bar complaint, the Inquiry Commission charged Geller with the above-referenced charges on September 24, 2003. He spoke with Deputy Bar Counsel on October 8, 2003, regarding those charges and an additional pending disciplinary matter. Bar Counsel mailed Geller several documents that he requested during the telephone conversation, but he has yet to respond to the Inquiry Commission's charges.

Geller was suspended from the practice of law on February 4, 2003, for failure to

pay bar dues. He also has another disciplinary matter (KBA No. 9989) pending before this Court, which involves findings by the Board of Governors of the Kentucky Bar Association (Board) of lack of competence, lack of diligence, lack of communication, and conduct involving dishonesty, fraud, deceit, or misrepresentation. The Board has recommended that Geller's license be suspended for 181 days as a result of those findings. Additionally, the Jefferson Circuit Court awarded the clients referenced in KBA No. 9989 a civil judgment against Geller in the amount of $75,000.00.

In the case *sub judice,* the Board voted 19–0 for guilt on Charges 1–5. On Charge 6, the vote was 12–7 in favor of guilt. The Board then voted 14–5 to impose a two-year suspension of Geller's license, to run consecutively to any sentence imposed in KBA No. 9989. The five remaining members voted for a five-year suspension. The Board unanimously voted that Geller must repay Kuhn the $1,600.00 retainer fee prior to reinstatement of his license. Geller has not filed a request pursuant to SCR 3.370(8) for review by this Court.

Upon the foregoing facts and charges, it is ordered that the recommendations of the Board of Governors be adopted. Therefore, it is ORDERED that:

1. Mark B. Geller is hereby suspended from the practice of law in Kentucky for a period of two (2) years. This suspension is to run consecutively to any other imposed suspensions.

2. Geller is ordered to pay restitution in the amount of $1,600.00 to Dauton Kuhn, Jr.

3. Pursuant to SCR 3.450, Geller is directed to pay all costs associated with these disciplinary proceedings in the amount of $152.74, for which execution may issue from this Court upon finality of this Opinion and Order.

4. Pursuant to SCR 3.390, Geller shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

5. Geller is also ordered to immediately cancel any and all advertising in which he may be engaged to the extent possible.

All concur.

ENTERED: Aug. 26, 2004.

/s/ Joseph E. Lambert
  Chief Justice