**KENTUCKY BAR ASSOCIATION, Complainant**

v.

**Mark Blair GELLER, Respondent.**

**No. 2006–SC–0075–KB.**

Supreme Court of Kentucky.

April 20, 2006.

Bruce K. Davis, Executive Director, Greg Munson, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, for Complainant.

Mark B. Geller, Louisville, for Respondent.

**OPINION AND ORDER**

Mark Blair Geller, KBA No. 85673, whose last bar roster address is 4212 Machupe Drive, Louisville, KY 40241, was suspended from the practice of law in Kentucky for two years in *Kentucky Bar Association v. Geller*, 141 S.W.3d 365 (Ky. 2004). This disciplinary action is brought by the KBA for further disciplinary action on other conduct resulting in five charges against Geller for violations of SCR 3.130–1.3, SCR 3.130–1.16(d), SCR 3.130–3.2, SCR 3.130–3.4(c), and SCR 3.130–8.1(b).

On October 20, 2000, pursuant to a client agreement, Geller filed a suit against the Sara Lee Corporation and Thomas D. Rollins. Although the clerk issued summons for the defendants, Geller never processed them for service. On December 5, 2001, the case was dismissed for failure to prosecute.

On November 14, 2002, another attorney filed a motion to be substituted as counsel. This new attorney filed a motion for Geller to produce all client records. On Novem-

ber 18, 2002, the motions were heard, but Geller failed to appear resulting in the Jefferson Circuit Court entering an Order dated December 3, 2002 substituting the new attorney and ordering Geller to produce all records within 48 hours. Geller failed to produce the documents.

On December 16, 2002, a motion for contempt of court was heard concerning Geller's failure to produce the documents at which Geller failed to appear. In an Order dated January 7, 2003, Geller was found in contempt of court and his arrest ordered. Thereafter, Geller produced some of the client materials to the new attorney and the arrest warrant was withdrawn in May.

On May 27, 2003, Geller failed to appear at a show cause hearing over a motion filed by the defendants. The defendants wanted a response to their subpoena duces tecum regarding documents evidencing that the original summons was processed. The court issued a show cause order for Geller to appear on August 4, 2003. Geller failed to appear at that hearing as well causing the court to enter another warrant for his arrest. On November 5, 2003, the underlying suit was dismissed for failure to file the claim within the applicable statute of limitations.

Earlier that year, the Inquiry Commission had begun investigating Geller's conduct in this matter. On January 18, 2003, the Inquiry Commission served a Complaint on Geller via certified mail. On October 9, 2003, after Geller failed to respond, a warning letter was served on Geller via certified mail. Geller failed to respond to this letter as well.

On February 26, 2004, the Inquiry Commission amended the Complaint to include more charges of rule violations. On April 21, 2004, a Jefferson County Sheriff served Geller with this amended Complaint. On June 14, 2004, the Sheriff served Geller again with a warning letter. Geller failed to respond to either amended complaint.

On June 10, 2004, Geller left a telephone message at the Office of the Bar Counsel stating his current address. On July 10, 2004, another copy of the amended complaint was served on Geller via certified mail. Geller failed to respond.

On July 20, 2005 the Inquiry Commission issued the Charge. On August 8, 2005 and on August 29, 2005, Geller was served the Charge and a warning letter, respectively, via certified mail. Geller, again, failed to respond with an answer to the Charge.

The Inquiry Commission Charge contains five counts. Count I alleges violation of SCR 3.130–1.3 for failing to act with reasonable diligence in representing his client. Count II alleges violation of SCR 3.130–1.16(d) for failing to timely return his client's file upon request or otherwise protect his client's interests in abandonment of the representation. Count III alleges violation of SCR 3.130–3.2 for failing to pursue his client's claims after commencing the civil action and for failing to respond to request for discovery. Count IV alleges violation of SCR 3.130–3.4(c) for repeatedly failing to obey the orders of the Jefferson Circuit Court resulting in a finding of civil contempt on two separate occasions. Count V alleges violation of SCR 3.130–8.1(b) for failing to respond to Inquiry Commission Complaints and amended Complaints.

The Board of Governors found Geller guilty on all counts by a unanimous vote. On the matter of discipline, 13 Board members voted to impose a three-year suspension to run consecutively after all pending suspensions. There were eight votes for permanent disbarment. Accordingly, the KBA recommends a three-year suspension from the practice of law to be

served consecutively to the two-year suspension Geller is already serving and this Court imposed in *KBA v. Geller, supra.*

Under all the circumstances, this Court finds the recommended sanctions appropriate.

THEREFORE, IT IS HEREBY ORDERED as follows:

(1) Respondent, Mark Blair Geller, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of three (3) years for violations of SCR 3.130–1.3, SCR 3.130–1.16(d), SCR 3.130–3.2, SCR 3.130–3.4(c), and SCR 3.130–8.1(b).

(2) In accordance with SCR 3.450 and SCR 3.480(3), respondent is directed to pay all costs associated with this disciplinary proceeding against him in the amount of $374.26, for which execution may issue from this Court upon finality of this order.

(3) Pursuant to SCR 3.390, respondent is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters of his pending suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

(4) This suspension shall run consecutive to the two-year suspension from the practice of law imposed in *Kentucky Bar Association v. Geller*, 141 S.W.3d 365 (Ky.2004).

All concur.

ENTERED: April 20, 2006.

/s/ Joseph E. Lambert

Chief Justice