**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Bryan K. BURLEW, Respondent.**

No. 2006–SC–000367–KB.

Supreme Court of Kentucky.

Aug. 24, 2006.

Bruce K. Davis, Executive Director, Jenny Dawson Lafferty, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Movant.

Bryan K. Burlew, Burlington, Counsel for Respondent.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) recommends that this Court adopt its findings of fact, conclusions of law, and recommendation to suspend Respondent, Bryan K. Burlew, Member No. 87529, of P.O. Box 336, Burlington, Kentucky, from the practice of law for 181 days for violations of SCR 3.130–1.1, SCR 3.130–1.4(b), SCR 3.130–5.5(a), SCR 3.130–8.1(b), SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d), SCR 3.130–8.3(c) and SCR 3.130–8.1(b).

With respect to File 10362, Respondent was charged on November 21, 2005, by the Inquiry Commission of the KBA with four counts of professional misconduct. Although he was personally served,[1] Respondent failed to file an answer to the charge. Count I alleges a violation of SCR 3.130–1.1 for failing to be admitted pro hac vice in Indiana or to determine what services constitute the practice of law in Indiana. Count II alleges that Respondent violated SCR 3.130–5.5(a) when he failed to notify his client that she would not be represented in court until 2:30 pm on the date of her pre-trial conference. Count III alleges a violation of SCR 3.130–5.5(a) for practicing law in Indiana unlicensed and entering into negotiations with an Indiana prosecutor. Count IV alleges that Respondent violated SCR 3.130–8.1(b) when he failed to respond to a demand for information from the Inquiry Commission.

The underlying facts show that Christina Maxwell Denton employed Re-

---

1. On December 8, 2005, Respondent was served with a copy of the Charge.

spondent to represent her in 2002. Respondent accepted the sum of $300.00 from Denton to represent her. Respondent is not licensed to practice in the state of Indiana and knew that he could not appear there unless he was admitted pro hac vice.[2] He made no attempt to become admitted pro hac vice in Indiana. Respondent entered into plea negotiations with the local Indiana prosecutor's office. He then told Denton that he could not appear with her in court because he was not licensed in Indiana, but advised her to appear and plead guilty. Denton testified during the pre-trial conference that she did not know that she would not be represented in Court until 2:30pm on the date of pre-trial.[3] She further testified that Respondent previously told her he would find someone licensed in Indiana to appear with her. Denton could have been incarcerated as a result of Respondent's advice to plead guilty and she lost $300.00 in legal fees paid to Respondent.

With respect to File 12738, Respondent was charged on November 21, 2005, by the Inquiry Commission of the KBA with five counts of professional misconduct. Respondent was served[4] with a copy of the Charge, but failed to respond to the Charge. Count I alleges a violation of SCR 3.130–1.3 for failure to act with reasonable diligence and promptness in representing his client. Count II alleges that Respondent did not adequately communicate with the client and therefore, violated SCR 3.130–1.4(a). Count III alleges a violation of SCR 3.130–1.16(d) for refusing to refund his client her advance payment or to provide her with the documents he was retained to prepare. Count IV alleges that Respondent violated SCR 3.130–8.3(c) for refusing to return his client's phone calls or communicate with her in any way over a seven month period, which amounts to conduct involving dishonesty, deceit, fraud, or misrepresentation under SCR 3.130–8.3(c). Count V alleges a violation of SCR 3.130–8.1(b) for failure to respond to a demand for information from a disciplinary authority because Respondent would not answer the charge from the Inquiry Commission.

Rachel Watkins retained Respondent to prepare adoption papers so that her husband could adopt her son. Watkins paid Respondent $375.00 to complete the paperwork. Respondent told Watkins that he had completed the paperwork, but he never presented her with the paperwork. He also refused to refund the $375.00 paid.[5] Eventually, Respondent quit returning her phone calls. Watkins called Respondent almost daily for a seven month period requesting an explanation, which she never received. The adoption process for the Watkins child was delayed, and she lost $375.00 to Respondent in legal fees.

---

2. *Kentucky Bar Association v. Lisa K. Kaiser,* 814 S.W.2d 923 (Ky.1991) (imposing a three year suspension of license to practice law for failure to obtain permission to practice in Ohio pro hac vice when she was not licensed in that state, failure to timely file a notice of appeal, and for making misrepresentations of being licensed in Ohio).

3. *L. Gregory Yopp v. Kentucky Bar Association,* 136 S.W.3d 453 (Ky.2004) (imposing a one year suspension of license to practice law for failure to file a lawsuit on behalf of the client, failure to return the client's advance payment of fee, and failure to accurately inform client of the status of the case).

4. On December 8, 2005, Respondent was served with a copy of the Charge.

5. *Kentucky Bar Association v. Mark Blair Geller,* 141 S.W.3d 365 (Ky.2004) (imposing a two year suspension of license to practice law for failure to file a petition, failure to refund the advance payment of fee after termination, and failure to respond to the bar complaint); *see also Kentucky Bar Association v. Rodney McDaniel,* 169 S.W.3d 540 (Ky.2005).

Respondent is currently suspended from the practice of law in Kentucky for failure to pay bar dues or to meet his CLE requirements. Respondent has been privately admonished before for violations of SCR 3.130–1.16(f), SCR 3.130–1.16(d), and SCR 3.130.8–2(b).

The Board of Governors of the KBA considered the American Bar Association model sanctions, the applicable Kentucky case law, and the Respondent's prior discipline before making a decision on this matter. The Board of Governors voted separately on the four counts of professional misconduct in File 10362 and the five counts of professional misconduct in File 12738. The Board unanimously voted (18–0) that Respondent receive a 181 days suspension from the practice of law.

We adopt the recommendation of the Board of Governors to impose a suspension of Respondent's license to practice law for 181 days. Accordingly, it is hereby ordered:

(1) Respondent, Bryan K. Burlew, is hereby suspended for a period of 181 days for violations of SCR 3.130–1.1, SCR 3.130–1.4(b), SCR 3.130–5.5(a), SCR 3.130–8.1(b), SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d), SCR 3.130–8.3(c) and SCR 3.130–8.1(b) to begin upon the date of the entry of this Opinion and Order.

(2) Within ten days Respondent is directed to notify all courts and clients as prescribed by SCR 3.390, and provide a copy of all such letters to the Director of the Kentucky Bar Association.

(3) In accordance with SCR 3.500(5), Burlew is directed to pay all costs associated with these disciplinary proceedings in the amount of $358.35, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: August 24, 2006.

/s/ Joseph E. Lambert
Chief Justice