**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Bryan Kent BURLEW, Respondent.**

**No. 2008–SC–000065–KB.**

Supreme Court of Kentucky.

April 24, 2008.

***OPINION AND ORDER***

The Kentucky Bar Association (KBA) moves this Court to adjudicate Bryan Kent Burlew, whose KBA member number is 87529, guilty of violating SCR 3.130–3.3(a)(2), SCR 3.130–3.4(c), SCR 3.130–5.5(a), and SCR 3.130–8.1(b), and to order that he be suspended from the practice of law for a period of three (3) years. It is further recommended that this disciplinary file remain sealed because it contains the name of a juvenile who accused one of Burlew's previous clients of sexual abuse. Burlew was admitted to practice law in the Commonwealth of Kentucky on October 16, 1998, and his last known bar roster address is P.O. Box 336, Burlington, Kentucky 41005. Due to Burlew's conduct in this disciplinary action as well as his prior disciplinary history, we agree with the KBA and order Burlew suspended for three years from the practice of law. Fur-

thermore, we grant the Board of Governors' recommendation regarding a Protective Order pursuant to SCR 3.150(3) and order that Burlew's disciplinary file remain sealed.

The current disciplinary proceeding against Burlew relates to the disciplinary sanction he received on December 21, 2005, where this Court ordered that he be temporarily suspended from the practice of law for the non-payment of his KBA dues and for the non-compliance with his minimum CLE requirements. Burlew has not made efforts to restore his license, and it remains suspended. Despite this Court's order suspending his license in December 2005, Burlew, on January 5, 2006, represented a client in Gallatin District Court who was being charged with the sexual abuse of a child. Burlew never made his suspension known to the judge in that case, questioned witnesses in court, and argued on behalf of his client.

On May 18, 2006, a complaint was filed against Burlew by the Inquiry Commission. Although the copy of the complaint that was mailed to Burlew by the Inquiry Commission was returned as unclaimed and the sheriff was unable to locate him for personal service of the complaint, Burlew was ultimately served pursuant to SCR 3.175(2) on June 19, 2006. A warning letter was mailed to Burlew reminding him to respond to the complaint on August 2, 2006, which was also returned as unclaimed. A copy of the warning letter was served on Burlew pursuant to SCR 3.175(2) on August 29, 2006, however, he never responded to the complaint.

On March 9, 2007, the Inquiry Commission charged Burlew with violating SCR 3.130-3.3(a)(2) (lack of candor); SCR 3.130-3.4(c) (failure to obey a court order), SCR 3.130-5.5(a) (unauthorized practice of law), and SCR 3.130-8.1(b) (failure to respond to a demand for information from a

disciplinary authority). Although Burlew was served with this Charge pursuant to SCR 3.175(2) on April 26, 2007, he has yet to file an answer to the charge or contest the facts as presented by the KBA. As a result, Burlew's case came before the Board of Governors as a default case pursuant to SCR 3.210. Although one member of the Board voted that Burlew was not guilty of violating SCR 3.130-8.1(b), which prohibits lawyers from failing to respond to a lawful demand for information from a disciplinary authority, the other members unanimously found Burlew guilty of that charge, as well as the three other charges brought against him, which included lack of candor, failure to obey a court order, and the unauthorized practice of law.

In recommending the proper penalty, the Board of Governors considered Burlew's prior history of disciplinary actions. From October 2005 till March 2006, Burlew was privately admonished by this Court on four different occasions. These violations included failing to protect the interests of a client upon termination (SCR 3.130-1.16(d)), failure to respond to a demand for information from a disciplinary authority (SCR 3.130-8.1(b)), and failing to adequately communicate with a client (SCR 3.130-1.4). On December 21, 2005, as previously mentioned, Burlew was temporarily suspended from the practice of law for not paying his KBA dues and for not complying with his minimum CLE requirements. In addition, on August 24, 2006, Burlew was suspended from the practice of law in this Commonwealth for one-hundred-eighty-one (181) days for violations of SCR 3.130-1.1 (failure to competently represent a client); SCR 3.130-1.3 (failure to diligently represent a client); SCR 3.130-1.4(a) and (b) (failure to communicate adequately with a client; SCR 3.130-5.5(a) (unauthorized practice); SCR

3.130–8.1(b) (failure to respond to a demand for information from a disciplinary authority); and SCR 3.130–8.3(c) (dishonest conduct). After considering Burlew's prior disciplinary history, the Board of Governors recommended by a vote of 15 to 2 that Burlew be suspended from the practice of law in this Commonwealth for three (3) years. Due to Burlew's unethical conduct in this instance and his extensive disciplinary history, we agree with the Board's recommendation.

Therefore, it is hereby ORDERED that:

1. Bryan Kent Burlew is adjudicated guilty of violating SCR 3.130–3.3(a)(2), SCR 3.130–3.4(c), SCR 3.130–5.5(a), and SCR 3.130–8.1(b).

2. Burlew is suspended from the practice of law in the Commonwealth of Kentucky for a period of three (3) years. Should Burlew, thereafter, seek to have his license restored, he must be processed by the Character and Fitness Committee. Further, the Character and Fitness Committee will have an opportunity, should it be appropriate, to impose any requirements regarding the Kentucky Lawyer's Assistance Program (KYLAP) prior to restoration.

3. In accordance with SCR 3.390, Burlew is ordered to send letters to all Courts in which he has matters pending and all clients for whom he is actively involved in litigation within ten days of this Order notifying them of his inability to continue to represent them and advising them of the necessity of retaining new counsel. Burlew shall also provide a copy of such letters to the Director of the KBA and cease advertising activities.

4. Pursuant to SCR 3.450, Burlew is ordered to pay all costs associated with these disciplinary proceedings, said sum being $242.48, and for which execution may issue from this Court upon finality of this Opinion and Order.

5. A Protective Order is entered pursuant to SCR 3.150(3) to protect the identity of the juvenile referred to in Burlew's disciplinary file.

All sitting. All concur.

Entered: April 24, 2008.

/s/ Joseph E. Lambert
CHIEF JUSTICE