**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Bryan Kent BURLEW, Respondent.**

**No. 2008–SC–000500–KB.**

Supreme Court of Kentucky.

March 19, 2009.

As Modified May 21, 2009.

## OPINION AND ORDER

The Movant, Kentucky Bar Association, (hereinafter KBA), moves this Court to suspend the Respondent, Bryan Kent Burlew, KBA Member No. 87529, from the practice of law for a period of three (3) years. This matter involves three default disciplinary cases: KBA files 14969, 14455, and 14544. Two of these default cases, Nos. 14455 and 14544, have been reported. Upon consideration of the present charges, the Board finds that the present disciplinary cases represent a continuing history of a failure to respond to bar complaints and charges. The Board recommends suspension from the practice of law for three years. Burlew has not requested a review of that decision pursuant to SCR 3.370(8). We agree with the Board's recommendation.

### KBA File No. 14969

On May 14, 2005, Mary Hatmaker retained Burlew to represent her in a custody and child support matter. Hatmaker paid Burlew $661.00 for such representation; $500.00 represented an agreed-upon flat fee and $161.00 was allocated as filing fees. Burlew filed a Motion for Temporary Custody on Hatmaker's behalf in the Carroll Circuit Court, and thereafter ceased all communication with her. Hatmaker attempted unsuccessfully to contact Burlew by telephone on multiple occasions. On November 10, 2005, Hatmaker sent a certified letter to Burlew, requesting the return of the unearned portion of his fee. Burlew failed to respond to Hatmaker's letter or to refund the unearned portion of his fee. Hatmaker was unable to afford another attorney and eventually settled the matter informally with the children's father. The case was dismissed by the Carroll Circuit Court for lack of prosecution on August 21, 2006.

Burlew was subsequently charged with one count each for violating SCR 3.130–1.3; SCR 3.130–1.4(a); SCR 3.130–1.16; and SCR 3.130–8.1(b). The complaint was sent to Burlew via certified mail at his bar roster address of Post Office Box 336, Burlington, Kentucky 41005; however, service was unsuccessful. Attempts to serve the complaint through the Boone County Sheriff's Office were also unsuccessful. The charge was sent by certified mail to Burlew at his bar roster address on November 26, 2007. Burlew signed for the charge at two alternative addresses on January 26, 2008. Also, both the complaint and charge were served on the Executive Director of the KBA pursuant to SCR 3.175(2). Burlew failed to respond to either the complaint or the charge.

### KBA File No. 14544

On September 19, 2006, a bar complaint for this matter was mailed to Burlew at his bar roster address. Burlew signed for the complaint and a certified mail receipt was returned to the KBA on September 26, 2006. Reminder letters were mailed to Burlew and service was also attempted by the Boone County Sheriff's Office. None of these attempts at service were successful. The charge was mailed by certified mail to Burlew at his bar roster address on October 19, 2007, and returned as undeliverable. Pursuant to SCR 3.175(2), the reminder letter and charge were served on the Executive Director of the KBA on April 10, 2007, and October 26, 2007, respectively. Burlew failed to answer the charge.

### KBA File No. 14455

On August 18, 2006, a bar complaint was mailed to Burlew at his bar roster address. Burlew signed for the complaint and a certified mail receipt was returned to the KBA on August 31, 2006. A reminder letter was then sent to Burlew on October 10, 2006. The charge was also mailed to Burlew at his bar roster address and was not returned by the post office. The charge was also mailed to an alternative address, but returned as undeliverable at that address. Pursuant to SCR 3.175(2), the charge was served on the Executive Director of the KBA on October 26, 2007. Burlew failed to answer the charge.

### Prior Disciplinary Record

In October of 2005, Burlew was privately admonished for violation of SCR 3.130–1.16(d). In December of that same year, Burlew's license to practice law was suspended for failure to pay KBA dues and for non-compliance with CLE requirements. Burlew was then privately admonished twice during February of 2006. One admonition was for violations of SCR 3.130–1.16(d) and SCR 3.130–8.1(b), and the other was for violations of SCR 3.130–1.4 and SCR 3.130–8.1(b). A fourth private admonition was issued against Burlew in March of 2006 for violations of SCR 3.130–1.16(d) and SCR 3.130–8.1(b).

On August 24, 2006, Burlew was suspended from the practice of law for a period of 181 days for numerous violations. See Kentucky Bar Association v. Burlew, 198 S.W.3d 585 (Ky.2006). More recently, Burlew was suspended from the practice of law for three years for violations of SCR 3.130–3.3(a)(2), SCR 3.130–3.4(c), SCR 3.130–5.5(a), and 3.130–8.1(b). See Kentucky Bar Association v. Burlew, 250 S.W.3d 310 (Ky.2008). Additionally, at the time of the Board's decision, Burlew was in the process of being served with a private admonition violation of SCR 3.130–8.1(b).

### Discussion

■ The Board of Governors voted to suspend Burlew's license for a period of three years. Seventeen members of the Board voted for the suspension and one member of the Board abstained from voting. The Board recommends that Burlew be subject to a three-year suspension and be ordered to pay the cost of these proceedings. We agree. Due to the numerous and continuing violations of the Rules of Professional Conduct by Burlew, and his apparent disregard for the disciplinary process, this Court finds a suspension of three years to be an appropriate punishment.

Thus, it is ORDERED that:

1. Bryan Kent Burlew, KBA Member No. 87529, is suspended from the practice of law for a period of three (3) years. This suspension shall run consecutively with the three-year suspension entered by this Court against Burlew on April 24, 2008. Should Burlew thereafter seek to have his license restored, he must first be processed by the Character and Fitness Committee. Further, if appropriate, the Character and Fitness Committee will have an opportunity prior to restoration to impose any requirements regarding the Kentucky Lawyer's Assistance Program (KYLAP).

2. In accordance with SCR 3.450, Burlew is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $381.11, and for which execution may issue from this Court upon finality of this Opinion and Order; and

3. Under SCR 3.390, Burlew shall, within ten days from the entry of this Opinion and Order:

a) to the extent possible, cancel and cease any advertising activities in which he is engaged;  and

b) notify all clients, in writing, of his inability to represent them;  notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law;  and furnish copies of these letters of notice to the Executive Director of the Kentucky Bar Association.

All sitting.  All concur.

ENTERED: March 19, 2009.

/s/ John D. Minton, Jr.
Chief Justice