**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Joseph A. YOCUM, Respondent.**

**No. 2009–SC–000403–KB.**

Supreme Court of Kentucky.

Oct. 1, 2009.

### *OPINION AND ORDER*

On May 29, 2009, the Trial Commissioner filed her final report in the disciplinary action involving Joseph A. Yocum, an Indiana attorney who was admitted to practice law in Kentucky *pro hac vice* pursuant to SCR 3.030 on or about May 1, 2006. Neither Yocum nor the Kentucky Bar Association (KBA) has filed a notice of appeal with the Disciplinary Clerk to challenge the Trial Commissioner's Report. Therefore, per SCR 3.360(4), this record has been transferred to this Court for entry of a final order. Having reviewed the record in this case, pursuant to SCR 3.370(10), this Court adopts the decision of the Trial Commissioner finding Yocum guilty of violating SCR 3.130–3.4(a), SCR 3.130–8.3(c), and SCR 3.130–5.5(a), and orders that Joseph A. Yocum be suspended from the practice of law in Kentucky for 120 days.

The underlying charges in this disciplinary action are based on Yocum's misconduct in representing Lisa Mains in a workers' compensation case. On December 12, 2005, Yocum filed an application with the Kentucky Department of Worker's Claims, Claim No.2005–96297, alleging that his client was completely disabled and entitled to benefits. On March 6, 2006, after Yocum admitted that he personally had prepared the two medical report forms in his clients' application for benefits, rather than two physicians, the ALJ ordered that the false medical reports be stricken. Later that month, on March 28, 2006, the ALJ placed Mains' case in abeyance and ordered Yocum to provide proof that he was licensed to practice law in Kentucky. Eventually, on June 19, 2006, Yocum provided the ALJ with a copy of his out-of-state certification form, which verified that Yocum had been certified by the KBA to represent Lisa Mains in her workers' compensation case per SCR 3.030(2) and that the KBA had received Yocum's $100 case fee. Because Yocum attached his $100 check to his certification form, the ALJ learned that Yocum had not submitted his case fee till April 28, 2006—the date on the check—which was over four months after Yocum had filed Mains' application for benefits.

Thereafter, on December 4, 2006, the ALJ entered an opinion and order finding that Yocum had committed workers' compensation fraud by personally preparing two medical report forms, which he falsely represented were prepared by two different physicians, and which claimed his client, Mains, was 100% disabled. The ALJ also determined that at the time Yocum filed the workers' compensation claim, he was not authorized to practice law in Kentucky because his *pro hac vice* status could not have possibly been obtained till the KBA received his $100 case fee, which occurred several months after Yocum had initiated Lisa Mains' claim. After the ALJ entered its opinion and order, on December 11, 2006, Yocum's local co-counsel, John Kirkham, withdrew from Mains' case, leaving Yocum without a Kentucky attorney to assist as co-counsel and jeopardizing Yocum's *pro hac vice* status per SCR 3.030(2).[1] Despite Kirkham's withdrawal, Yocum filed a petition for reconsideration, which the ALJ denied, and a notice of appeal to the Workers' Compensation Board. Prior to ruling on Yocum's appeal, the Board entered an order granting Yocum thirty days to show cause why his appeal should not be dismissed due to his failure to have local counsel as required by SCR 3.030(2). After filing one response asking for an extension of time, Yocum ultimately filed a "showing of cause" reply on May 7, 2007, requesting that the Board permit him to represent Mains in this appeal despite his failure to secure local counsel in violation of SCR 3.030(2). On May 30, 2007, the Board dismissed Yocum's appeal.

On February 19, 2007, the Inquiry Commission issued a complaint charging Yocum with three violations of Kentucky's Supreme Court Rules. As set forth in KBA file 14191, this complaint alleged that Yocum violated SCR 3.130–3.4(a) for unlawfully altering a document that had evidentiary value, SCR 3.130–5.5(a) for engaging in the unauthorized practice of law, and SCR 3.130–8.3(c)[2] for engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation. After attempting to engage in two telephonic conferences with the KBA and Yocum, the Trial Commissioner eventually conducted a telephonic hearing with the parties on January 21, 2009. During this conference, Yocum agreed to waive his right to a final hearing on this matter and to allow the Trial Commissioner to enter her report after both sides submitted their final statements. In his statement submitted on March 26, 2009, Yocum reiterated his position that these charges were based on Kentucky's prejudice against Indiana lawyers, that the KBA had not called any witnesses to prove the violations, that unknown persons were making these charges, and that he never intended to deceive anyone.

In preparing her report, the Trial Commissioner acknowledged that she had received a certified copy of the documents relating to the Lisa Mains case, and that

---

1. SCR 3.030(2) states that "[a] person admitted to practice in another state, but not in this state, shall be permitted to practice a case in this state only if that attorney subjects himself or herself to the jurisdiction and rules of the court governing professional conduct, pays a per case fee of $100.00 to the Kentucky Bar Association and engages a member of the association as co-counsel, whose presence shall be necessary at all trials and at other times when required by the court. No motion for permission to practice in any state court in this jurisdiction shall be granted without submission to the admitting court of a certification from the Kentucky Bar Association of receipt of this fee."

2. Effective July 15, 2009, SCR 3.130–8.3 has been renumbered to SCR 3.130–8.4. This renumbering will be reflected throughout this Opinion and Order.

the ALJ's findings in that case were final and binding on this disciplinary proceeding. *See Kentucky Bar Association v. Horn*, 4 S.W.3d 135 (Ky.1999). The Trial Commissioner also recognized that Yocum had failed to present any justifiable defense to the charges and that Yocum had stated in his general answer that he "Admitted, but not factually" the allegation of violating SCR 3.130–5.5(a) pertaining to engaging in the unauthorized practice of law.

■ Ultimately, the Trial Commissioner found that the KBA had proven by a preponderance of the evidence that Yocum had committed all the charges listed in its complaint. Because Yocum stated that he did not intend on continuing to practice law in Kentucky, and because he had no history of prior discipline, the Trial Commissioner recommended that Yocum be suspended from the practice of law in this Commonwealth for 120 days. We agree with these findings and recommendation of the Trial Commissioner. The documents relating to Lisa Mains' workers' compensation case, which were reviewed by the Trial Commissioner, clearly demonstrate that Yocum knowingly and intentionally filed medical reports prepared not by physicians, but by Yocum himself. Thus, because Yocum unlawfully altered documents having evidentiary value and engaged in conduct involving dishonesty, he is guilty of violating SCR 3.130–3.4(a) and SCR 3.130–8.4(c). Further, Yocum filed this workers' compensation application before his *pro hac vice* admission to practice law in Kentucky had been granted, and Yocum continued to file pleadings on behalf of his client after his *pro hac vice* status was destroyed by the withdrawal of his local co-counsel. As a result, Yocum is also guilty of engaging in the unauthorized practice of law in violation of SCR 3.130–5.5(a).

Even though Yocum engaged in several instances of misconduct when he was not admitted to practice law in this jurisdiction, per the amended language of SCR 3.130–8.5(a) effective July 15, 2009, "[a] lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction." Thus, Yocum is subject to the disciplinary authority of the KBA and this Court. Although Kentucky does not have any case law directly on-point dealing with a lawyer whose *pro hac vice* status lapsed while his case was still pending, this Court has disciplined a Kentucky attorney for failing to properly comply with the *pro hac vice* requirements of another state. *KBA v. Burlew*, 198 S.W.3d 585 (Ky.2006) (attorney suspended for 181 days for, among other things, representing a client in an Indiana criminal matter and failing to seek *pro hac vice* admission). Thus, the trial commissioner's recommendation of a short-term suspension is appropriate in this case. However, because Yocum's *pro hac vice* status has lapsed and he is no longer licensed to practice law in this Commonwealth, the effect of his suspension will be that he is prohibited from requesting permission to practice law in this Commonwealth, *pro hac vice* or otherwise, for 120 days.

Therefore, pursuant to SCR 3.360(4) and SCR 3.370(10), this Court adopts the Trial Commissioner's Findings and Sanctions recommendation. It is hereby ORDERED that:

1. Joseph A. Yocum is guilty of violating SCR 3.130–3.4(a), SCR 3.130–5.5(a), and SCR 3.130–8.4(c).

2. Joseph A. Yocum is prohibited from requesting permission to practice law in this Commonwealth for 120 days.

3. Pursuant to SCR 3.450, Yocum is directed to pay the costs associated with this proceeding in the amount of $209.19, for which execution may issue from this Court upon finality of this Opinion and Order.

4. To the extent necessary, Yocum shall, within 20 days from the date of entry of this order, notify in writing all clients in this Commonwealth of his inability to represent them, shall furnish copies of all such letters to the disciplinary clerk, and shall cancel and cease any advertising activities in this Commonwealth.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, and SCOTT, JJ., concur.

SCHRODER, J., concurs in result only and would suspend Yocum for one year.

VENTERS, J., not sitting.

ENTERED: October 1, 2009.
/s/ JOHN D. MINTON, JR.
CHIEF JUSTICE