**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Joshua Michael ROBINSON,**
**Respondent.**

**No. 2012–SC–000397–KB.**

Supreme Court of Kentucky.

Nov. 21, 2012.

## OPINION AND ORDER

Respondent Joshua Michael Robinson, pursuant to CR 76.38(2), moves this Court to reconsider its order entered on September 20, 2012, remanding the case for failure to comply with SCR 3.480(2). Respondent and Bar Counsel both assert that the matter was properly submitted to the Court pursuant to SCR 3.360(4). In the alternative, Respondent moves the Court to accept the proposed negotiated sanction agreed upon by Bar Counsel and Respondent, and to approve the case as submitted for resolution under SCR 3.480(2). The Court rejects the parties' contentions that the matter was properly submitted to the Court pursuant to SCR 3.360(4). The Court does, however, accept Respondent's motion as properly submitted under SCR 3.480(2). For the following reasons, the motion is granted and the proposed sanction is approved.

Respondent was admitted to the practice of law in the Commonwealth of Kentucky on May 3, 2002; his KBA member number is 89189. Respondent's bar roster address is 83 C. Michael Davenport Blvd., Frankfort, Kentucky 40601.

Most of Bar Counsel's allegations of ethical violations stem from Respondent's failure to appear in court both on his own behalf and on the behalf of a client, which Bar Counsel charged as violations of SCR 3.130–3.4(c).[1] The charged conduct includes the following:

- July 7, 2008: Respondent failed to appear in Rowan District Court on

---

1. SCR 3.130–3.4(c) provides that a lawyer shall not "[k]nowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

charges of operating a motor vehicle on a suspended/revoked license and failure to maintain insurance and a bench warrant was issued.

- August 1, 2008: Respondent failed to appear in Fayette Circuit Court at a scheduled status hearing. The Court issued a criminal summons against Respondent requiring his appearance at a show cause hearing to be conducted on August 15, 2008.
- October 17, 2008: Respondent failed to appear in Fayette Circuit Court on behalf of his client at a scheduled hearing. The Court subsequently appointed a Public Advocate to represent the client in the matter.

Respondent was also going through a divorce during this time period and he failed to appear for scheduled hearings on July 11, 2008; September 5, 2008; October 3, 2008; November 21, 2008; January 30, 2009; June 26, 2009; and November 20, 2009.

Meanwhile, Respondent was also suspended from the practice of law in Kentucky on December 10, 2008, for non-payment of bar dues. Upon learning that he had been suspended from practice, Respondent sent a letter to Bar Counsel dated December 16, 2008, in which he attempted to justify his failure to appear on the ground that he had moved to Scottsdale, Arizona in September 2007 and had trouble with having his mail forwarded. He indicated that he had returned to Kentucky and was interested in receiving assistance from the Kentucky Lawyer Assistance Program for depression "and related issues." In a second letter to Bar Counsel dated December 22, 2008, Respondent expressed his desire to restore his license for failing to pay bar dues. Despite having been suspended from the practice of law, both of these letters were written to bar counsel on letterhead that expressly stated "Joshua M. Robinson, Attorney At Law." The Inquiry Commission charged Respondent with violating SCR 3.130–5.5(a) for referring to himself as "Attorney At Law" after being suspended from the practice of law.

In July 2010, the Inquiry Commission issued a formal complaint against Respondent for the numerous instances of failing to appear in 2008 and 2009. The complaint was sent to his bar roster address in Lexington, Kentucky and an alternate address in Charleston, West Virginia. The complaint sent to his bar roster address was returned marked "unable to forward" and the mailing to the alternate address was returned marked "unclaimed." Further attempts by the Executive Director to reach Respondent at those addresses with warnings that failure to reply to the complaint could result in an additional disciplinary charge were similarly unsuccessful. Thus, Appellant was also charged with failure to maintain a current bar roster address under SCR 3.175(1)(d)[2] and with failing to respond to the complaint under SCR 3.130–8.1(b).[3]

On April 19, 2012, Respondent appeared before Trial Commissioner Robert Spragens, Jr. in Frankfort, Kentucky for a hearing concerning his disciplinary matter. Respondent had retained counsel to represent him. At the beginning of the hearing,

---

2. SCR 3.175(1)(d) states that the "[f]ailure to maintain a current address which allows for physical service of process with the Director may be prosecuted in the same manner as a violation of the Rules of Professional Conduct."

3. SCR 3.130–8.1(b) states that a lawyer in connection with a disciplinary matter shall not "fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . ."

Respondent's counsel expressed a desire to make an opening statement, during which he stated that Respondent wished to cooperate fully with the hearing and his purpose was not to fight the charges brought against him. Additionally, Respondent's counsel requested, if possible, to negotiate an appropriate disciplinary sanction rather than hold a hearing before the Trial Commissioner. The Trial Commissioner asked Respondent and Bar Counsel if they would like to take fifteen minutes to negotiate, which they did. When the parties returned, they informed the Trial Commissioner that they had negotiated a sanction of a 181–day suspension from practice. The Trial Commissioner then had Respondent take the stand and admit, under oath, to the charges and factual allegations. Trial Commissioner Spragens memorialized the negotiated sanction in his Report of Trial Commissioner and recommended that this Court adopt his report.

▮ This case presents an opportunity for this Court to resolve a procedural difficulty. Both parties assert that the Report of the Trial Commissioner, whereby the Trial Commissioner essentially memorialized the parties' negotiated sanction, was properly submitted to this Court pursuant to 3.360(4), which states:

> Within thirty (30) days after the filing with the Disciplinary Clerk of: (a) the report, (b) an order ruling on a motion under SCR 3.360(3), or (c) an amended report, whichever is later, either party may file a notice of appeal with the Disciplinary Clerk. If no notice of appeal is timely filed, the entire record

shall be forwarded to the Court for entry of a final order pursuant to SCR 3.370(10).[4]

Content with both the negotiated sanction and the Trial Commissioner's report that reflected that sanction, neither party filed an appeal and, guided by the rule's language, awaited the entry of a final order by this Court.

This Court declined to do so because the proposed resolution of the case resulted from negotiation, and not an independent decision by the trial commissioner. Thus, the Court issued an order on September 20, 2012, remanding the case until Respondent complied with SCR 3.480(2). That rule expressly provides:

> The Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree. Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint to charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings *at any stage* of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the *member shall file* a motion with the Court which states such agreement, and serve a copy upon Bar Counsel, who shall, within ten (10) days of the Clerk's notice that the motion has been docketed, respond to its merits and confirm its agreement. The Disciplinary Clerk shall submit to the Court

---

4. SCR 3.370(10) provides: "If no notice of review is filed by either one of the parties, or the Court under paragraph nine (9) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters." SCR 3.370(9) states:

The Court may, within ninety (90) days of the filing with the Court of the Trial Com-

missioner's report as provided by 3.360(4) ... notify Bar Counsel and Respondent that it will review the decision. If the Court so acts, Bar Counsel and Respondent may each file reply briefs unless by order of the Court, such orders or opinion as it deems appropriate on the entire record.

within the ten (10) day period the active disciplinary files to which the motion applies. The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand.

(Emphasis added.) The rule clearly provides the proper procedure that the parties shall follow once they have negotiated and agreed upon a sanction.

While Respondent has moved, in the alternative, that the Court adopt his motion as properly submitted under SCR 3.480(2), Bar Counsel continues to insist that "the matter was not a negotiated disposition as is provided for in SCR 3.480(2) because Respondent, at the start of the hearing, admitted the facts and violations as charged and wanted to have the matter submitted to the Trial Commissioner on the appropriate sanction." The Court is unpersuaded by this argument for a number of reasons. First, the parties' agreement was clearly a negotiated sanction. The transcript indicates that Respondent's counsel requested the option to negotiate an agreement rather than go through with the hearing. The Trial Commissioner asked if the parties would like fifteen minutes to discuss this possibility, to which Bar Counsel responded, "Out of abundance of fairness to Mr. Robinson, let me and [Respondent's counsel] step out in the hall for a couple of minutes." When the parties returned, the Trial Commissioner stated that it was his understanding that counsel had reached "an accord." Additionally, the Trial Commissioner correctly regarded the agreement as a negotiated sanction in his report, which called it a "negotiated proposed resolution."

Second, the rule allows the sanctioned attorney to request that Bar Counsel consider a negotiated sanction "at any stage" of the disciplinary proceedings. That the Respondent had waited until the moment the hearing began to ask Bar Counsel to consider a negotiated sanction is not problematic; rather, it is expressly allowed under the rule.

Third, given the clarity of the rule's language, the Court does not understand Bar Counsel's contention that because "Respondent, at the start of the hearing, admitted the facts and violations as charged," the matter should not be treated as a negotiated sanction. On the contrary, SCR 3.480(2) expressly *requires* that the parties must "agree upon the facts, the rules violated, and the appropriate sanction" before the proposed sanction is to be considered by the Court.

Fourth, that Respondent may have wanted the matter "submitted to the Trial Commissioner on the appropriate sanction" is of no consequence to the Court because the rules do not bestow upon the Trial Commissioner the authority to approve or disapprove a negotiated sanction. SCR 3.480(2), which is the only rule that addresses the specific situation where both parties agree as to the appropriate disciplinary sanction, lays out a step-by-step procedure that the parties must follow and, importantly, makes no mention of the Trial Commissioner.

Not only is it inappropriate for the Trial Commissioner to approve or disapprove a negotiated sanction after examining the merits, here the Trial Commissioner did not even examine the merits. Rather, he merely memorialized the parties' agreement in writing in his report after calling Respondent to admit under oath the facts and violations alleged in the various charges. SCR 3.360(1) details what the Trial Commissioner's report must contain and specifically requires that the report must contain a concise statement of "the facts which the Commissioner deems proved by a preponderance of the evidence." Here, the report merely con-

tained a memorialization of the agreement and did not make any findings of fact. The Court wants to make very clear that it does not mean to chastise the Trial Commissioner for not making a detailed finding of facts nor complying with the rest of the rule's requirements; there was no reason for him to do so since the parties had already agreed on the sanction. Rather, the Court merely wishes to emphasize that once the parties reached an agreement, the Trial Commissioner should have prepared no report nor continued the disciplinary hearing. Instead, the matter should have been placed in abeyance or otherwise suspended so that the Respondent could resolve his case by following the remaining steps in SCR 3.480.

Once Bar Counsel and Respondent reach an agreement on the appropriate sanction, SCR 3.480(2) provides that the sanctioned attorney shall file a signed written motion with the Court stating what the agreement is and then Bar Counsel is given ten days from the time the matter is docketed to respond to its merits and to confirm it in writing. Here, Respondent has moved in the alternative for us to approve the negotiated sanction pursuant to SRC 3.480(2), and we conclude that he has adequately followed the appropriate procedure.

These distinctions between the procedure provided by SCR 3.360(4) and SCR 3.480(2) are of vital importance. While KBA disciplinary proceedings are frequently treated as prosecutorial by the bar, they are not criminal proceedings. Rather, they are civil disciplinary matters carried out by an agency of this Court. Bar Counsel seems to conflate disciplinary proceedings with criminal plea bargains or guilty pleas, or civil settlement agreements, whereby the judge maintains a role throughout the negotiation process, including approval of the parties' agreement. We caution Bar Counsel not to conflate a Trial Commissioner with a trial court, nor Bar Counsel with a prosecutor. While there are some similarities, the rules indicate that neither is identical in function or authority.

Bar Counsel also contends that this matter should not be accepted as a consensual discipline under 3.480(2), though it is not clear why because the result is ultimately the same, because the proposed sanction has not been approved by the Inquiry Commission or a KBA Past President. While the Court encourages the review of proposed sanctions by the Inquiry Commission and a past KBA President, the rules do not prescribe such a procedure. Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court. Moreover, this Court's September 20 order to remand pending compliance with SCR 3.480(2) indicated that we had interpreted the matter to be a negotiated sanction. We need not remind Bar Counsel that it is the province of this Court, not Bar Counsel, to interpret its own rules.

Thus, because the Court has determined that Respondent has properly submitted a motion pursuant to SCR 3.480(2), we now turn to the validity of the sanction itself: Respondent's suspension from the practice of law for 181 days. The failure of an attorney to appear generally does not require such a stiff sanction, but the sheer number of instances where Respondent failed to appear, both as counsel for a client and on his own behalf as a party or as a defendant, combined with the other violations for which he was charged, does not make the penalty patently unfair. Respondent was represented by counsel during the process and the sanction that the parties negotiated was a compromise that ended nearly three years of ongoing disciplinary investigations.

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* They did so as memorialized by the trial commissioner. Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court. After reviewing the allegations, this Court concludes that the discipline proposed by the Respondent is adequate, and that a 181–day sentence is appropriate in light of the facts.

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Joshua Michael Robinson is found guilty of the above-described and admitted violations of the Kentucky Rules of Professional Conduct.
2. Joshua Michael Robinson is suspended from the practice of law in the Commonwealth of Kentucky for 181 days.
3. In accordance with SCR 3.450, Joshua Michael Robinson is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,287.57 for which execution may issue from this Court upon finality of this Opinion and Order.
4. Joshua Michael Robinson shall, pursuant to SCR 3.390, notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel by letter duly placed in the United States mail within ten days of the date of this order. He shall simultaneously provide a copy of all such letters to the Office of Bar Counsel of the Kentucky Bar Association.
5. Movant shall, pursuant to SCR 3.390, to the extent possible and necessary, immediately cancel and cease any advertising activities in which he is engaged.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., concur. SCHRODER, J., not sitting.

ENTERED: November 21, 2012.

/s/ John D. Minton, Jr.
Chief Justice