**KENTUCKY BAR ASSOCIATION,**
**Movant**

v.

**Joshua Michael ROBINSON KBA**
**Member No. 89189,**
**Respondent.**

No. 2013–SC–000668–KB.

Supreme Court of Kentucky.

Nov. 21, 2013.

*OPINION AND ORDER*

Respondent, Joshua Michael Robinson, whose Kentucky Bar Association ("KBA") member number is 89189, and whose bar roster address is 635 W. 7th Street, # 401, Cincinnati, Ohio 45203, was admitted to the practice of law in the Commonwealth of Kentucky on October 3, 2002. Once admitted, Robinson began practicing in Lexington, Kentucky. At some point in 2007, Robinson also began practicing in West Virginia. Between 2009 and 2010, Robinson was involved in two separate altercations resulting in criminal convictions. Consequently, the Inquiry Commission issued two disciplinary Charges. Both Charges were consolidated into one disciplinary action and heard before the Trial Commissioner on February 17, 2013. The Trial Commissioner's report was filed on

April 26, 2013 and contains findings of fact, conclusions of law, and recommendations. Robinson appealed the Trial Commissioner's report to the Board of Governors on May 28, 2013. On September 11, 2013, Robinson moved to withdraw his appeal and the KBA had no objection. Accordingly, on September 13, 2013, the President of the KBA granted Robinson's motion to withdraw his appeal.

This disciplinary action now comes to us pursuant to Supreme Court Rule ("SCR") 3.360(4), which states that within thirty days after the Trial Commissioner files his or her report with the Disciplinary Clerk, "either party may file a notice of appeal.... If no notice of appeal is timely filed, the entire record shall be forwarded to the Court for entry of a final order...."

## FINDINGS OF FACTS

### KBA File 17648

On May 12, 2009, Robinson and his wife, Wendy Robinson, had a fight. Wendy placed the couple's four-year-old child in her vehicle and attempted to leave the residence. As she was leaving, Robinson smashed a propane tank into the rear window of the vehicle. There were no resulting injuries. Wendy filed a signed affidavit stating that she struck Robinson with her vehicle before he threw the propane tank through the rear window. Wendy also stated that she "exaggerated" some facts because she was distressed at the time. Robinson was ultimately indicted in the Fayette Circuit Court. Robinson entered a guilty plea to the amended charges of two counts of wanton endangerment in the second degree, Class A misdemeanors. The trial court's judgment on the guilty plea was entered on October 13, 2009.

Robinson failed to notify the KBA of his conviction. As a result, the Inquiry Commission issued a bar complaint against Robinson. The bar complaint requested additional information and stated that failure to respond could result in an additional charge of misconduct. The bar complaint was mailed to Robinson's bar roster address, which at the time was 271 W. Short Street, Suite 512, Lexington, Kentucky 40507. The bar complaint was also mailed to two alternative addresses in Charleston, West Virginia. The complaint sent to the Lexington, Kentucky address was returned to the KBA marked "unclaimed." The complaints sent to the West Virginia addresses were returned to the KBA marked "unable to forward."

Eventually, the complaint was served on the Executive Director of the KBA as agent for service under SCR 3.175(2). Robinson failed to respond to the complaint and the Inquiry Commission's request for additional information. A reminder letter was mailed to Robinson. All three mailings were returned to the KBA as either "unclaimed" or "unable to forward." On June 9, 2010, the Executive Director was served after an attempt at personal service failed.

On October 18, 2010, the Inquiry Commission issued a three-count Charge against Movant. The three counts of violations included the following: (Count I) SCR 3.130–3.4(c) (knowingly or intentionally disobeying an obligation under the rules—specifically, failing to maintain a current bar roster address pursuant to SCR 3.175(1)(a) and failure to provide the KBA with a copy of a Class A misdemeanor judgment pursuant to SCR 3.320); (Count II) 3.130–8.1(b) (failure to respond to a lawful demand for information from disciplinary authority); and (Count III) SCR 3.130–8.3(b) [1](committing a criminal act which reflects adversely on the law-

---

1. This Rule has since been renumbered SCR 3.130–8.4(b).

yer's honesty, trustworthiness, or fitness as a lawyer).

### KBA File 18276

In 2009, Robinson represented David Gump in a probate and personal injury matter in Charleston, West Virginia. On December 3, 2009, Gump allegedly called Robinson at least seven times in a twenty-four hour period to inquire about a $1,000 check which Robinson had cashed. After failing to contact Robinson by phone, Gump went to Robinson's office, which was also the location of his residence. An altercation ensued. Robinson maintains that Gump removed the front door and proceeded to hit Robinson in the head with a piece of concrete. Gump, on the other hand, alleged that Robinson struck him with a baseball bat several times. Robinson and Gump were both arrested. On April 19, 2010, the Kanawha Circuit Court in West Virginia accepted Robinson's plea of guilty to one count of unlawful wounding in the second degree. The charge is considered a felony under the West Virginia criminal code.

The Inquiry Commission became aware of Robinson's conviction and issued a bar complaint. The bar complaint was mailed to Robinson's bar roster address and two alternate addresses in Charleston, West Virginia. The mailings were returned as "unclaimed" or "unable to forward." Once again, the complaint was served on the Executive Director of the KBA as agent for service on July 2, 2010. The bar complaint also stated that the Inquiry Commission needed additional information and warned Robinson that failure to respond could result in an additional charge of misconduct. The Inquiry Commission did not receive a response and a reminder notice was mailed to all three above-referenced addresses. Once again, the mailings were returned as "unclaimed" or "unable to forward."

On September 29, 2010, the Inquiry Commission issued a three-count Charge against Movant. The three counts of violations included the following: (Count I) SCR 3.130–3.4(c) (knowingly or intentionally disobeying an obligation under the rules—specifically, failing to maintain a current bar roster address pursuant to SCR 3.175(1)(a) and failure to provide the KBA with a copy of a felony judgment pursuant to SCR 3.320); (Count II) 3.130–8.1(b) (failure to respond to a lawful demand for information from disciplinary authority); and (Count III) SCR 3.130–8.4(b) (committing a criminal act which reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer).

## CONCLUSIONS OF LAW

Robinson admitted that he failed to provide the KBA with current addresses with respect to both disciplinary Charges. Robinson also admitted that he failed to notify the KBA of his October 13, 2009 conviction in the Fayette Circuit Court, and his April 19, 2010 conviction in the Kanawha Circuit Court. Moreover, Robinson acknowledged that he did not provide the KBA with a copy of either judgment. Robinson also confessed that he knowingly failed to respond to the Inquiry Commission's request for additional information in both Charges. Lastly, the Trial Commissioner, pursuant to *Kentucky Bar Ass'n v. Carmichael,* 244 S.W.3d 111, 113 (Ky.2008), found that Robinson's guilty pleas in both criminal cases were conclusive proof of his violations of SCR 3.130–8.4(b). Thusly, the Trial Commissioner concluded that Robinson was guilty on all counts listed in both Charges.

## RECOMMENDATIONS

The Trial Commissioner recommends that Robinson be suspended from the practice of law in the Commonwealth of

Kentucky for a period of five (5) years. Furthermore, Robinson must continue to attend alcohol and anger management counseling during his suspension. Upon reinstatement, Robinson must, along with other conditions, pass the Kentucky Bar Examination. Notably, Robinson was suspended by this Court for non-payment of bar dues in December of 2008 and has yet to be restored to membership.[2]

In formulating his recommendation, the Trial Commissioner placed great weight on several pieces of mitigating evidence. First, in regards to the Fayette Circuit Court conviction, the Trial Commissioner believed that the allegations of Robinson's wife were not completely true or accurate. Robinson's wife, in fact, admitted that she exaggerated some statements. Therefore, some mitigation was bestowed on Robinson as it is unclear whether he intentionally meant to smash the propane tank into the rear window of the car or merely stop the car from running him over.

As to the Kanawha Circuit Court conviction, the Trial Commissioner reviewed a signed affidavit of Robinson's neighbor, Eric Campbell, who stated that Gump was the aggressor and that Robinson was merely protecting himself. Campbell affirmed that every time Robinson attempted to walk away, Gump would continue the scuffle.

Most significantly, the Trial Commissioner found that during the period leading up to the two disciplinary Charges, Robinson had "hit rock bottom." Specifically, he had gone through two divorces and developed a drinking problem. The Trial Commissioner believes that Robinson has accepted responsibility for his actions and has taken steps toward rehabilitation. Particularly, Robinson has attended counseling for alcohol and anger issues and has stated that he has been sober since 2010.

### CONCLUSION

We believe the Trial Commissioner's report is supported by the record and our case law. *See Kentucky Bar Ass'n v. Gray,* 318 S.W.3d 94 (Ky.2010) (five-year suspension was appropriate for attorney who was convicted of theft of a controlled substance and failing to report a prior conviction to the KBA); *see also Gordiner v. Kentucky Bar Ass'n,* 408 S.W.3d 78 (Ky.2013) (four-year suspension was warranted after attorney, who admitted to being an alcoholic, obtained two criminal convictions within two months). Additionally, it appears that both the KBA and Robinson are content with the Trial Commissioner's report since neither party has filed an appeal. Therefore, this Court declines to review the Trial Commissioner's decision pursuant to SCR 3.370(8). Instead, we hereby adopt the Trial Commissioner's findings of fact, conclusions of law, and recommendations pursuant to SCR 3.370(9).

---

**2.** Since his suspension in 2008, Robinson has also been suspended by this Court in two separate disciplinary cases. In *Kentucky Bar Ass'n v. Robinson,* 324 S.W.3d 735 (Ky.2010), Robinson was given a thirty-day suspension for accepting a $500 retainer from a client, but failing to perform any work on his behalf or respond to his requests for information concerning the case in violation of SCR 3.130–1.3 and 3.130–1.4(a). Robinson also failed to maintain a current bar roster address in violation of SCR 3.175(1)(a) and failed to respond to the bar complaint in violation of SCR 3.130–8.1(b). Subsequently, in *Kentucky Bar Ass'n v. Robinson,* 386 S.W.3d 739 (Ky.2012), this Court also suspended Robinson for 181 days for his failure to appear on behalf of himself and his client in violation of SCR 3.130–3.4(c); failure to maintain a current bar roster address in violation of SCR 3.175(1)(d); failure to respond to the bar complaint in violation of SCR 3.130–8.1(b); and for referring to himself as "Attorney At Law" after being suspended from the practice of law in violation of SCR 3.130–5.5(a).

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, Joshua Michael Robinson, KBA Member No. 89189, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Respondent is hereby suspended from the practice of law in this Commonwealth for a period of five (5) years, effective upon the date of entry of this Order.

3. Respondent's five-year suspension is conditioned upon him receiving and participating in an evaluation performed by a professional of KYLAP and fully complying with any resulting recommendations from such evaluation.

4. Pursuant to SCR 3.450, Respondent is directed to pay all costs associated with this disciplinary proceeding in the amount of $2,974.47, for which execution may issue from this Court upon finality of this Order.

5. In accordance with SCR 3.390, and to the extent that he has not done so already, Respondent, shall: (a) immediately, and to the extent possible, cancel and cease any advertising activities; and (b) notify all courts in which he has matters pending, and all clients for whom he is actively involved in litigation and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the finality of this Opinion and Order. Respondent shall provide a copy of all such letters to the Office of Bar Counsel.

6. Upon reinstatement, Respondent must be current on his KBA dues and CLE requirements. Respondent must also comply with SCR 3.510(4) and successfully complete the Kentucky Bar Examination administered by the Kentucky Board of Bar Examiners.

All sitting. All concur.

ENTERED: November 21, 2013.

/s/ John D. Minton, Jr.
Chief Justice