TO BE PUBLISHED

# Supreme Court of Kentucky

## 2018-SC-000376-KB

DATE 11/14/18 Kim Redman, DC

KENTUCKY BAR ASSOCIATION                                    COMPLAINANT


V.                                IN SUPREME COURT


KENNETH JOSEPH BADER                                        RESPONDENT


### OPINION AND ORDER


Kenneth Joseph Bader was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1980. His bar roster address is 544 Baxter Avenue, Suite 200, Louisville, Kentucky 40204-1154, and his Kentucky Bar Association (KBA) number is 02455. The KBA charged Bader with violations of several of the Kentucky Rules of Professional Conduct (SCR). Bader has failed to file responses to any of these charges. Finding sufficient cause, we adopt the recommendation of the Board of Governors (Board) and suspend Bader for two (2) years. The facts of each disciplinary case are summarized below.

### KBA File 16-DIS-0304 – Mattingly Representation

Linda Mattingly hired Bader to represent her in a personal injury case. Bader filed a complaint on Mattingly's behalf in Jefferson County, but the action was dismissed eight months later for lack of prosecution. Bader got the

dismissal set aside and the case was ultimately transferred to Nelson County for further proceedings. The Nelson Circuit Court filed a Notice to Dismiss for Lack of Prosecution which was uncontested. The case was dismissed on November 17, 2014, and Bader failed to inform Mattingly of the dismissal. Mattingly only learned of the dismissal when she sought representation by another attorney.

The Inquiry Commission issued a three-count charge against Bader on February 16, 2017, asserting violations of SCR 3.130(1.3) for failing to perform work in Mattingly's case, SCR 3.130(1.4)(a)(3) for failing to inform Mattingly that her case was dismissed, and SCR 3.130(8.1)(b) for failing to respond to the bar complaint. Bader was personally served with the bar complaint on November 30, 2016, and the charge on February 16, 2017, by sheriff. He did not file any responses.

### KBA File 17-DIS-0018 – Rhea Representation

Bader agreed to represent Michelle Rhea in a legal matter and Rhea paid Bader a $400 retainer on April 18, 2016. Bader deposited the check into his law practice's bank account in the name of Kenneth J. Bader, LLC. Bader then used the bank account for personal expenses. After being unable to contact Bader, Rhea went to his office, informed Bader that she wanted to terminate his services and requested a refund. Bader told Rhea that his secretary would mail her a check. Bader did not perform any work on Rhea's behalf nor did he return the retainer fee.

The Inquiry Commission issued a five-count charge against Bader on August 18, 2017, asserting violations of SCR 3.130(1.3) for failing to perform any work in Rhea's case, SCR 3.130(1.4)(a)(4) for failing to respond to Rhea's requests for information, SCR 3.130(1.15)(a) for failing to keep his client's money in a separate account from his own property, SCR 3.130(1.16)(d) for failing to return the unearned fee, and SCR 3.130(8.1)(b) for failing to respond to the bar complaint.

Bader was personally served with the bar complaint by sheriff on March 2, 2017. He was served with the charge through the Executive Director, pursuant to SCR 3.035(2). Bader did not file a response.

## KBA File 17-DIS-0220 - Hall Representation

Rex Hall contacted Bader in May 2017 to represent his son, Ryan Hall, in a criminal matter. Bader agreed to the representation and Rex Hall gave him a $500 retainer. Candace Pollack, Ryan Hall's girlfriend, also gave Bader a $200 retainer. Bader deposited both checks into an account for Renaissance By Design, LLC (owned by Bader's wife), which is an antique boutique and estate sales company. This was not an escrow or trust account maintained for representing clients. Rex Hall made several attempts to obtain information from Bader, with little to no response. Bader did not perform any work in Ryan Hall's criminal case and did not refund any of the unearned fees to Rex Hall or Pollack.

The Inquiry Commission issued a six-count charge against Bader on December 19, 2017, asserting violations of SCR 3.130(1.3) for failing to perform

3

work on Hall's case, SCR 3.130(1.4)(a)(4) for failing to return messages from Rex Hall regarding the representation of his son, SCR 3.130(1.15)(a) for commingling client funds with his own, SCR 3.130(1.16)(d) for failing to return the unearned fee to Rex Hall, SCR 3.130(1.16)(d) for failing to return the unearned fee to Pollack, and SCR 3.130(8.1)(b) for failing to respond to the bar complaint.

Bader was served with the bar complaint by the Executive Director pursuant to SCR 3.035(2) on August 1, 2017, and served with the charge by the Executive Director on February 27, 2018. Bader has not filed any responses.

### KBA File 17-DIS-0413 – Glaab Representation

Bader was suspended from the practice of law for thirty days on September 28, 2017. On October 20, 2017, the Office of Bar Counsel objected to Bader's automatic reinstatement because he failed to pay costs, and the charges listed above in the Mattingly, Rhea, and Hall representations were pending. On November 7, 2017, Bader was indefinitely suspended by this Court.

Bader previously represented Rickie Glaab in a criminal case in 2016 but withdrew as counsel due to a conflict. On October 26, 2017, during his suspension, Bader appeared in Jefferson District Court on a redocket request filed on behalf of Glaab. Opposing counsel brought up the fact that Bader was previously removed from the case due to a conflict. The judge refused to hear Bader's motion, and subsequently informed the Office of Bar Counsel. On

4

December 22, 2017, Bader again appeared in Jefferson District Court but the judge informed him that he was not authorized to practice law pursuant to his suspension order.

The Inquiry Commission filed a four-count charge against Bader, alleging violations of SCR 3.130(1.7)(a) for filing a redocket request and appearing on behalf of a client in a matter in which he had a conflict, SCR 3.130(5.5)(a) for practicing law while suspended, SCR 3.130(5.7)(a)(2) for appearing on behalf of clients while suspended, and SCR 3.130(8.1)(b) for failing to respond to the bar complaint.

Bader was served with the bar complaint by the Executive Director pursuant to SCR 3.035(2) on January 29, 2018, and served with the charge by the Executive Director on April 18, 2018. Bader has not filed any responses.

## Discussion

These matters are not the first time Bader has been disciplined for misconduct as an attorney. In 2014, he received a private admonition. In September 2017, he was suspended for thirty days and after attempting to practice law during that suspension, he was suspended indefinitely on November 2, 2017. Bader failed to participate in either of those disciplinary proceedings.

By majority vote, the Board found Bader guilty on all of the eighteen charges outlined above. The Board considered a two-year suspension and a five-year suspension. The Board voted 15-6 to suspend Bader for two years and require him to pay the costs in this action. Given Bader's previous

5

discipline and failure to participate in these proceedings, we agree with the Board's recommendation.

For the foregoing reasons, it is hereby ORDERED:

1. Kenneth Joseph Bader is found guilty of the violations of the various rules of the Kentucky Supreme Court as set forth above.

2. Bader is hereby suspended from the practice of law for a period of two (2) years.

3. Bader must notify all courts and clients of his suspension in accordance with SCR 3.390. Those notifications must be made by letter in the United States mail within ten (10) days from the date of entry of this Opinion and Order. Bader must also simultaneously provide a copy of all notification letters to the Office of Bar Counsel. Also, to the extent possible, Bader must cancel and cease any advertising activities in which he is engaged.

4. In accordance with SCR 3.450, Bader is directed to pay the costs of this action in the amount of $1,015.32 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 1, 2018.

_____
CHIEF JUSTICE

6