TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0020-KB

KENTUCKY BAR ASSOCIATION                                        MOVANT


V.                              IN SUPREME COURT


KENNETH LAWRENCE SALES                                    RESPONDENT


## OPINION AND ORDER

Respondent, Kenneth Lawrence Sales, whose Kentucky Bar Association (KBA) member number is 61135, and whose bar roster address is 9300 Shelbyville Road, Suite 205, Louisville, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on May 5, 1976. Between 2011 and 2019, Sales was involved in two separate cases resulting in investigation by the Inquiry Commission. Both Charges were consolidated into one disciplinary action heard before the Trial Commissioner. The Trial Commissioner's report was filed on October 10, 2022. It contained findings of fact, conclusions of law, and recommendations. Neither the KBA nor Sales filed a notice of review following the Trial Commissioner's report. Pursuant to Supreme Court Rules (SCR) 3.360(4) and 3.370(10), the Trial Commissioner's report was forwarded to this Court for entry of a final order. For the reasons set out below, we adopt the

Trial Commissioner's report and recommendation. We thus suspend Sales from the practice of law in the Commonwealth for one year.

## I. BACKGROUND

The following facts are adopted from the Trial Commissioner's report, which details the evidence provided in the hearing below. This evidence formed the basis for the Trial Commissioner's legal conclusions.

### 1. KBA Case No. 20-DIS-0070

In 2011, Sales was retained by Ms. Eastridge to represent her and her deceased father in a case involving alleged wrongful exposure to various chemicals by his former employer. In 2016, the Federal District Court ordered Sales to provide medical releases to the defendants by the court's deadline or to be assessed a fine for lateness. Sales was late to file the releases and was subsequently fined $200. That same year and in the same case, Sales also filed discovery answers late to two sets of interrogatories, thereby waiving any objections to the interrogatories. The court ordered Sales to pay $8,680.03 to the defendant for his continued delays.

The court later entered an order on December 30, 2016, granting Sales's motion for more time to respond to pending motions for summary judgment. In the order, the court wrote that it "reminds [Sales] for the final time that 'Failure to timely respond to a motion may be grounds for granting the motion.'" Even after Sales was subsequently granted extended time to file responses, he missed the deadline. Ultimately, and without Ms. Eastridge's knowledge, Sales moved to dismiss the action. The trial court granted the motion to dismiss. Ms.

2

Eastridge was only made aware that her case had been dismissed upon obtaining new counsel.

As part of the case, a defendant settled with Ms. Eastridge for around $15,000. Sales did not turn this amount over to Ms. Eastridge initially, and Ms. Eastridge soon "lost contact" with Sales. Sales eventually returned the money to Ms. Eastridge, but only after this disciplinary action was filed.

**2. KBA Case No. 20-DIS-0119**

The second disciplinary case arose from Sales's involvement in *Pierson-Trapp Company, LLC d/b/a Gardenside Plaza v. Trapp Communications, LLC*, Case No. 18-CI-4150. There, Sales did not respond to discovery in a timely manner. Opposing counsel moved for summary judgment, and Sales failed to appear for the hearing to argue the motion. The trial court awarded summary judgment in opposing counsel's favor. Sales arrived late and had the Judgment set aside. The trial court set another date for the hearing and gave Sales fourteen days to respond to the motion. Sales failed to file a response. Sales appeared for that hearing a few minutes before the case was called. The judge reprimanded Sales "for his habit of either missing court or showing up to court late and for failing to file responses to dispositive motions" before transferring the case to another judge.

Sales again failed to file a response to the motion before the new judge but argued orally against summary judgment. The court then set a briefing deadline, and Sales only filed a short response. Sales did not appear for the following hearing. The judge entered an order granting opposing counsel's

3

motion for summary judgment and entered an order granting a request for attorney's fees against Sales. In that order, the trial court found that Sales "engaged in a pattern and a practice of noncompliance with court orders, with failing to appear at court hearings, and with showing up late for court hearings." Following the entry of this order, opposing counsel discovered that during the case's pendency, Sales was practicing with a suspended license. The matter was then referred to the KBA, who filed Complaints against Sales in the above two cases.

## II. ANALYSIS

Sales has one prior suspension from January of 2020. He was suspended for failing to pay bar dues and failing to complete his Continuing Legal Education requirements. Regarding the above-styled disciplinary cases, the trial commissioner made the following conclusions of law.[1]

### 1. KBA Case No. 20-DIS-0070

Sales violated SCR 1.30(1.3), which states "A lawyer shall act with reasonable diligence and promptness in representing a client." He violated this Rule by failing to promptly respond to demands of the court, and by failing to diligently pursue Ms. Eastridge's rights.

---

[1] The Trial Commissioner did not conclude that Sales violated SCR 8.1(b) for "[failure] to respond to a lawful demand for information from [a] . . . disciplinary authority." Although the KBA entered documentary evidence to the record that indicated Sales may have violated this rule on both disciplinary cases, they did not present any additional evidence on the counts at the hearing. Accordingly, the Trial Commissioner found that "the KBA has failed by preponderance of the evidence to produce proof of such a violation." The KBA has not asked this Court to find such a violation upon our review of Sales's matter, and we adopt the Trial Commissioner's report in full.

Sales similarly violated SCR 3.130(1.4)(a)(3), which states in part, "A lawyer shall . . . keep the client reasonably informed about the status" of the representation. He violated this Rule by failing to keep his client, Ms. Eastridge, informed of the status of her case, especially with regard to its dismissal.

Sales also violated SCR 3.130(1.15)(b), which states in part, "Upon receiving funds or other property in which a client has an interest, a lawyer shall promptly notify the client." It further states "a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive." *Id.* He violated this Rule by failing to promptly turn over the funds received to his client, Ms. Eastridge, to whom they were owed.

**2. KBA Case No. 20-DIS-0119**

Sales violated SCR 1.30(1.3), which states that a "lawyer shall act with reasonable diligence and promptness in representing a client." He violated this Rule by failing to promptly respond to demands of the trial court in this matter. This was noted by the trial court in that case in its finding that Sales "engaged in a pattern . . . of non-compliance with court orders, with failing to appear at court hearings, and with showing up late to court hearings."

Sales similarly violated SCR 1.130(3.4)(c), which states in part, "[a] lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal." He violated this Rule by knowingly disobeying the tribunal through his repeated absences and tardiness before the court, even after warnings to appear and respond.

5

Sales also violated SCR 3.130(5.5)(a), which states "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction or assist another in doing so." He violated this Rule by practicing while suspended, and without giving notice of such suspension to the court.

### III.  CONCLUSION

The Trial Commissioner's report is supported by the record. "Additionally, it appears that both the KBA and [Sales] are content with the Trial Commissioner's report since neither party has filed an appeal." *Kentucky Bar Ass'n v. Robinson*, 412 S.W.3d 184, 187 (Ky. 2013). The Trial Commissioner concluded that Sales's pattern of practice evidenced by the two cases warranted a one-year suspension.[2] This Court adopts the Trial Commissioner's report and recommendations pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Kenneth Lawrence Sales, is found guilty of violating two Counts of SCR 1.130(1.3), one Count of SCR 1.130(1.4)(a)(3), one Count of SCR 1.130(1.5)(b), one Count of SCR 1.130(3.4)(c), and one Count of SCR 3.130(5.5)(a).

(2) Sales is hereby suspended from the practice of law for one year.

---

[2] In support of this suspension, the Trial Commissioner cited the following cases: *Kentucky Bar Ass'n v. Mathews*, 308 S.W.3d 194 (Ky. 2010); *Kentucky Bar Ass'n v. Bader*, 558 S.W.3d 472 (Ky. 2018); *Yopp v. Kentucky Bar Ass'n*, 136 S.W.3d 453 (Ky. 2004); *Coorssen v. Kentucky Bar Ass'n*, 266 S.W.3d 237 (Ky. 2008); and *Kentucky Bar Ass'n v. Whitlock*, 318 S.W.3d 602 (Ky. 2010).

(3) Pursuant to SCR 3.390, Sales, if he has not already done so, shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of Notice to the Office of Bar Counsel.

(4) During the time of his suspension, Sales shall not accept new clients or collect unearned fees.

(5) Pursuant to SCR 3.390, Sales shall, to the extent possible, immediately cancel and cease any advertising activities in which he is engaged.

(6) In accordance with SCR 3.450, Sales shall pay the costs of this action in the amount of $1,956.46, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: MARCH 23, 2023.

_____
CHIEF JUSTICE VANMETER

7