TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0149-KB

KENTUCKY BAR ASSOCIATION                                                    MOVANT

V.                                    IN SUPREME COURT

DAVID LEE HARGROVE                                                      RESPONDENT

## OPINION AND ORDER

David Lee Hargrove was admitted to the practice of law in Kentucky in 1988. In February 1992, Hargrove became an Assistant Commonwealth's Attorney while also maintaining a private civil practice. In 1995, Hargrove was appointed to be the Commonwealth's Attorney of Graves County. Hargrove held this position at the time of his violations. Neither party has appealed the Report of the Trial Commissioner. Therefore, for the following reasons we defer to the Trial Commissioner's recommendation that (1) Hargrove be suspended for one hundred fifty days from the practice of law; (2) that Hargrove complete trust account training; and (3) that Hargrove pay the costs of this proceeding.

## I.      Facts and Procedural Posture

Hargrove was appointed Commonwealth's Attorney of Graves County in 1995. He maintained a private civil practice through his tenure in that position. Shortly after his appointment, he opened an escrow that was meant to process grant funding as well as receive forfeited monies for the Commonwealth's Attorney's in Graves County. Pursuant to KRS 218A.420,

Hargrove was supposed to receive forfeited funds, deposit said funds into the official escrow account, and forward said funds to the Prosecutor's Advisory Council (PAC). The Commonwealth's Attorney's office would then be allowed to use said funds if PAC approved the expenditures.

Hargrove became disgruntled with this entire process, complaining that the length of time and effort required for submissions to PAC was burdensome, as well as complaining PAC did not respond to expenditure requests on a few occasions. Sometime around 2013 or 2014, after conversing with some of his counterparts in other counties, Hargrove decided to wholly skip sending funds to PAC. Instead, he would use funds directly from the Commonwealth's Attorney's escrow account to pay expenses that he deemed to be associated with his official duties. Notably, Hargrove was the only signatory for the escrow account.

This new process was continued for approximately four years. During this time, Hargrove issued several checks out of the escrow account that had no memo. Additionally, Hargrove commingled funds from his private practice with that of the official escrow account; specifically, Hargrove used the escrow account to process a civil settlement. Despite these violations, however, Hargrove maintained that he never personally profited from the expenditures. Hargrove also claimed to be a "poor record keeper," to explain why some checks did not have a memo.

In 2017, the statutory procedure for processing forfeited funds changed and now required all forfeited funds be sent directly to PAC rather than to an

escrow account of the Commonwealth's Attorney's office. Following this change, at an unknown time prior to his tenure as Commonwealth's Attorney concluded, Hargrove received forfeited funds in the manner he had been for years and did not send those funds to PAC. PAC viewed Hargrove's actions as effectively treating the funds as if they were his own.

On January 6, 2020, Hargrove was indicted in Franklin Circuit Court for one count of Abuse of Public Trust, a Class C felony. KRS 522.050(3)(b). On January 31, 2020, Hargrove entered into an *Aflord* plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), pleading guilty to an amended charge of Official Misconduct in the First Degree, a Class A misdemeanor. KRS 522.020. Hargrove paid $28, 992.13 to reimburse PAC prior to entering the *Alford* plea. On February 6, 2020, Hargrove was sentenced to twelve months in jail, probated for two years, with the trial court acknowledging full payment of restitution.

## II. Standard of Review

It is clear both parties "are content with the Trial Commissioner's report since neither party has filed an appeal. Therefore, this Court declines to review the Trial Commissioner's decision pursuant to SCR 3.370(8)." *Kentucky Bar Association v. Robinson*, 412 S.W.3d 184, 187 (Ky. 2013). Instead, we adopt the Trial Commissioner's findings of fact, conclusions of law, and recommendations pursuant to SCR 3.370(10).

### III. Analysis

Hargrove advocated for a 90-day suspension from the practice of law before the Trial Commissioner. Hargrove based his arguments on (1) he has never had a KBA complaint filed against him; (2) he, by his own admission, is a "poor record keeper" who failed to properly manage the escrow account; and (3) three character witnesses testified to Hargrove's honesty and honorable reputation amongst the legal community in Graves County. Despite this, however, the Trial Commissioner stated, "[s]uch sanction would depreciate the serious duty imposed on attorneys who are privileged to hold public office." Hargrove knowingly used forfeited funds from the Commonwealth's Attorney's escrow account and used them as expenditures based on his own discretion and authority contrary to statute. He conversed with other Commonwealth's Attorneys who informed him that his procedure was not in compliance with KRS 218A.420. He negligently issued checks without proper documentation regarding the details of the expenditure. He also commingled funds from the escrow account with money from his private civil practice. Hargrove violated statutory law that he, more so than others, was expected to follow due to his position of public trust and authority given him by the people of Graves County. But the evidence does not support a conclusion that Hargrove calculated a scheme or manipulated the escrow account for the purpose of enriching himself. Instead, the evidence supports the conclusion that he was careless. As the Trial Commissioner stated, "[t]he carelessness ultimately cost

him $28,992.13 for unsubstantiated expenditures from the escrow account and a misdemeanor criminal conviction."

Hargrove is remorseful. He has been cooperative throughout these proceedings. He has paid restitution in full and is unlikely to repeat this kind of misconduct since leaving office. But for his own disregard and careless actions, his record would remain unblemished.

As concluded by the Trial Commissioner,

> [p]ublic consequences must be brought to bear upon the attorney (elected to public office) who violates his duty of stewardship to the public in order to protect the public and the bar. The KBA must be vigilant in its efforts to hold all attorneys to professional standards of conduct without regard to fear or favor. Considering the public conviction, the Respondent's favorable reputation in his community, his financial accountability and his remorse, the commissioner recommends a one hundred fifty (150) day suspension from the practice of law, and a requirement that the Respondent complete trust account training offered by the KBA or Lawyers Mutual of Kentucky no later than twelve (12) months after submission of this Report, and that the Respondent pay the costs of this proceeding.

## IV.    Conclusion

Based on the Trial Commissioner's report, it is ORDERED:

1. David Lee Hargrove is suspended from the practice of law for one hundred fifty (150) days;

2. Pursuant to SCR 3.390(2), David Lee Hargrove shall, within twenty (20) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all

5

letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Hargrove shall immediately cancel and cease any advertising activities in which he is engaged.

3. David Lee Hargrove shall complete trust account training offered by the KBA or Lawyers Mutual of Kentucky no later than twelve (12) months after entry of this Order.

4. David Lee Hargrove shall pay the costs of this proceedings, totaling $3,078.91.

All sitting. VanMeter, C.J., and Bisig, Conley, Keller, and Thompson, JJ., concur. Nickell, J., concurs in result only. Lambert, J., dissents without opinion.

ENTERED: August 24, 2023

_____
CHIEF JUSTICE

6